IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WILLIAM J. HOZEY,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CELLCO PARTNERSHIP, *doing business as Verizon Wireless*,<br><br>　　　　Defendant. | Case No. 20-cv-00021-DKW-RT<br><br>**ORDER GRANTING MOTION FOR PARTIAL DISMISSAL** |

## **INTRODUCTION**

Defendant moves for dismissal of Plaintiff's state law claim of age discrimination, arguing that the claim is unexhausted because Plaintiff neither filed the claim with the Hawaiʻi Civil Rights Commission (HCRC) nor obtained a right-to-sue letter from the HCRC.  In response, Plaintiff argues that he did exhaust his state law claim because he filed a complaint with the U.S. Equal Employment Opportunity Commission (EEOC) and Hawaiʻi is a "deferral" state with a work share agreement between it and the EEOC.  Plaintiff also argues that the instant motion to dismiss should be denied because it was untimely filed.  Having evaluated these contentions, the motion to dismiss is GRANTED because Plaintiff has not received a right-to-sue letter from the HCRC.  The Court further notes that

the motion to dismiss was timely filed, given that Defendant has still not been properly served in this case.

## PERTINENT BACKGROUND

The parties have stipulated to the following facts. In March 2019, Plaintiff William J. Hozey filed with the EEOC a Charge of Discrimination against Defendant, alleging discrimination on the basis of age. 2/24/20 Stip. at ¶ 1, Dkt. No. 15; Charge of Emp't Discrim. at 1, Dkt. No. 22-3. The Charge of Discrimination was not dual-filed with the HCRC. Stip. at ¶ 2. In September 2019, Plaintiff received a Dismissal and Notice of Rights letter ("right-to-sue letter") from the EEOC regarding the Charge of Discrimination. *Id*. at 3. The right-to-sue letter stated that Plaintiff could bring a lawsuit against Defendant under federal law based upon the Charge of Discrimination. Dismissal and Notice of Rights, Dkt. No. 22-4. The HCRC has not issued a right-to-sue letter to Plaintiff. Stip. at ¶ 5.

On December 26, 2019, Plaintiff initiated this action in state court with the filing of a two-count complaint against Defendant. Compl., Dkt. No. 1-1. As pertinent to this Order, in his first claim, Plaintiff alleged that Defendant violated Hawai'i Revised Statutes Section 378-2 by firing him due to his age. *Id*. at ¶ 23. In January 2020, Defendant removed Plaintiff's action to this Court. Dkt. No. 1.

On May 20, 2020, Defendant filed the instant motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 22. On June 2, 2020, Plaintiff filed a Return and Acknowledgment of Service printed on a State of Hawai'i form in which Plaintiff asserts that Defendant was served with a copy of the summons and complaint on February 24, 2020. Dkt. No. 24 at 1. One day later, Plaintiff filed his opposition to the motion to dismiss. Dkt. No. 25. On June 11, 2020, Defendant filed a reply in support of the motion to dismiss. Dkt. No. 26.

This Order now follows.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). A court may consider certain documents attached to a complaint, as well as documents incorporated by reference in the complaint or matters of judicial notice, without converting a Rule 12(b)(6) motion to dismiss into a motion for

summary judgment.  *United States v. Ritchie*, 342 F.3d 903, 908–09 (9th Cir. 2003).[1]

When a complaint fails to state a claim, leave to amend should be given when "justice so requires."  Fed.R.Civ.P. 15(a)(2).  Justice does not require leave to amend when (1) it would prejudice an opposing party, (2) it is sought in bad faith, (3) it would produce an undue delay in litigation, (4) it would be futile, or (5) there has been repeated failure to cure a deficiency.  *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

## **RELEVANT EXHAUSTION PRINCIPLES**

After the filing of a complaint with the HCRC, the HCRC must determine within 180 days of the filing whether there is reasonable cause to believe an unlawful practice has occurred.  Haw. Rev. Stat. § 368-13(b).  If the HCRC determines that there is no reasonable cause to believe an unlawful practice has

---

[1] Accordingly, the Court and the parties agree that the Court may consider the EEOC Charge of Discrimination and right-to-sue letter, which are attached to the motion to dismiss, because they are incorporated by reference in the complaint.  *See* Compl. at ¶¶ 4-5; *see also* Dkt. No. 22-1 at 5; Dkt. No. 25-1 at 5.  As for the two exhibits attached to Plaintiff's opposition, the Court agrees with Defendant that there is no discernible relevance to either.  The first, Dkt. No. 25-3, appears to concern the complaint procedure for claims against the City and County of Honolulu, which is not a defendant here.  The second, Dkt. No. 25-4, appears to be an "Inquiry Information" form that has no apparent relevance here, given that the Charge of Discrimination is in the record.  Therefore, the Court does not consider those documents in this Order.

occurred, the HCRC must promptly notify the parties in writing and indicate to the complainant that he may bring a civil action under pertinent state law. *Id.* at § 368-13(c). The HCRC may also issue a notice of right to sue upon written request of the complainant. *Id.* § 368-12. The complainant has 90 days from receipt of the notice of right to sue to bring a civil action. *Id.* This procedure applies equally to claims of discrimination brought under Section 378-2. *Id.* §§ 368-11, 378-4. "The logical implication of the legislature's decision to authorize the [HCRC] to issue a right to sue is that it was a precondition to bringing a civil action for violation of [Section] 378-2; if it were not, the power to issue a right to sue would have been meaningless." *Ross v. Stouffer Hotel Co. (Haw.) Ltd., Inc.*, 879 P.2d 1037, 1043 (Haw. 1994); *see also Schefke v. Reliable Collection Agency, Ltd.*, 32 P.3d 52, 60 n.5 (Haw. 2001) ("Under the provisions of [Sections] 368-11, 368-12, and 378-4, Plaintiff could not bring his compensation discrimination claim until he received a notice of right to sue.").

## **DISCUSSION**

The Court addresses the following two issues in turn: (1) whether Defendant timely filed the instant motion to dismiss; and, if so, (2) whether Plaintiff has exhausted his administrative remedies with respect to his claim under Section 378-2.

1.   **Timeliness of the Motion to Dismiss**

The answer to this question is straightforward. Defendant has *still* not been properly served in this case and, therefore, its motion to dismiss cannot be untimely. In support of this argument, Plaintiff contends that Defendant was served on February 24, 2020 with the complaint and summons. Dkt. No. 25-1 at 8. While, arguably, Defendant may have received a copy of a complaint, Plaintiff presents no evidence that Defendant has been served with a summons issued by *this Court*. Instead, Defendant relies upon a summons issued by the state court from where this case was removed. Dkt. No. 24 at 1; Dkt. No. 24-1 at ¶ 4. The problem with that is Plaintiff used the state-issued summons *after* this case was removed from state court. As Defendant explains in its reply, this is not something Plaintiff is permitted to do. *See* Dkt. No. 26 at 2-3; *see also Lee v. Winix, Inc.*, 2006 WL 8434724, at *1 (C.D. Cal. July 24, 2006) (quashing service when, two months after removal, the plaintiff served the defendant with a state court summons). As a result, the Court rejects Plaintiff's argument that the motion to dismiss was untimely filed, given that the time to file one has not begun to run. *See* Fed.R.Civ.P. 12(a)(1)(A)(i) (providing that an answer must be served within 21 days of being served with the summons and complaint); Fed.R.Civ.P. 12(b) (providing that a motion to dismiss must be made before pleading).

### 2. <u>**Exhaustion**</u>

While the answer to this question is more nuanced than the previous one, the Court finds that Plaintiff's claim under Section 378-2 must be dismissed in light of his failure to obtain a notice of right to sue from the HCRC.

The Court starts with what the parties apparently do not dispute. The only charge of discrimination Plaintiff has made was with the EEOC, and the only right-to-sue letter Plaintiff has received is from the EEOC. In other words, Plaintiff does not dispute that he did not file a claim before the HCRC, and he has not received a notice of right to sue from the HCRC.

Nonetheless, the parties disagree on the effect of the proceeding before the EEOC. Defendant argues that, because Plaintiff has failed to file a charge of discrimination with or receive a notice of right to sue from the HCRC, Plaintiff has failed to exhaust his statutorily required administrative remedies. Plaintiff, on the other hand, argues that, because Hawaiʻi is a "deferral" state with a work share agreement between it and the EEOC, the Charge of Discrimination filed with the EEOC is sufficient to constitute a filing with the HCRC.

Although the Court may agree with Plaintiff that, due to the work share agreement between Hawaiʻi and the EEOC, the charge filed with the EEOC can be deemed as having been filed with the HCRC, that only gets Plaintiff half way to

exhaustion.   He was also required to obtain a notice of right to sue from the HCRC, something which he acknowledges he did not do.   Moreover, there is no law, statute, regulation, or other authority of which the Court is aware providing that receipt of a right-to-sue letter from the EEOC constitutes receiving a right-to-sue letter from a state agency, even one with a work share agreement.   Therefore, as more fully set forth below, the motion to dismiss is granted.

First, federal regulations indicate that, assuming a work share agreement exists between Hawai'i and the EEOC,[2] filing a charge of discrimination with the latter constitutes filing a charge with the former.   More specifically, "[c]harges received by one agency under the agreement shall be deemed received by the other agency for purposes of [Section] 1626.7."   29 C.F.R. § 1626.10(c).[3]   Here, it is undisputed that the EEOC received Plaintiff's Charge of Discrimination in March 2019.   Stip. at ¶ 1.   Therefore, in light of Section 1626.10(c), the HCRC was "deemed" to have received the same charge also in March 2019.   The fact that Plaintiff did not affirmatively file a separate charge with the HCRC, or the fact that

---

[2]For purposes of the instant motion, although Plaintiff has not provided any affirmative proof of the existence of a work share agreement, the Court assumes that such an agreement exists between Hawai'i and the EEOC.   *See E.E.O.C. v. NCL Am. Inc.*, 504 F. Supp. 2d 1008, 1010 (D. Haw. 2007) ("It is also undisputed that Hawaii is a 'worksharing' state such that administrative claims with the EEOC are deemed 'dual-filed' with the [HCRC] (or vice versa).").
[3]Section 1626.7 concerns the timeliness of a charge of discrimination.   29 C.F.R. § 1626.7.

the EEOC appears to have failed to provide the HCRC with a copy of the Charge of Discrimination, is, thus, irrelevant.[4] This, however, is only half the battle that Plaintiff must overcome in order to exhaust his administrative remedies.

The second half is showing that Plaintiff received a notice of right to sue from the HCRC. *See Ross*, 879 P.2d at 1043; *Schefke,* 32 P.3d at 60 n.5. Plaintiff agrees that he has never received such a notice from the HCRC. Stip. at ¶ 5. Moreover, Plaintiff points the Court to no similar regulation (or any other authority) such as Section 1626.10(c) providing that, when the EEOC issues a right-to-sue letter, the HCRC is "deemed" to have issued the same.[5] Instead, Plaintiff only asserts that he fully complied with the EEOC's procedures and took "all affirmative acts upon which an individual is on notice[,]" and thus, should be "deemed" to have exhausted his administrative remedies. Dkt. No. 25-1 at 10. Putting aside that Plaintiff does not base this argument on *any* law, he also ignores

---

[4]In its reply, Defendant contends that Plaintiff cannot now go back on the stipulated facts with which the parties agreed. Specifically, Defendant contends that Plaintiff cannot now say that the HCRC received a charge of discrimination when Plaintiff agreed in the stipulation that the HCRC did not. Dkt. No. 26 at 10-12. Plaintiff, however, need not renege in the manner suggested by Defendant. In light of Section 1626.10(c), the HCRC was "deemed" to have received a copy of the Charge of Discrimination, irrespective of whether the HCRC actually received it.

[5]The answer why there is no such similar regulation appears straightforward. Notably, it would seem odd for the EEOC's decision to issue a right-to-sue letter to be "deemed" the equivalent of a state agency doing the same, given that the state agency may well reach a different outcome after evaluating the charge of discrimination.

that he has *not* taken "all affirmative acts" to achieve exhaustion. Most notably, he has not made "written request" upon the HCRC to issue him a notice of right to sue, as he is allowed to under Hawai'i law. *See* Haw. Rev. Stat. § 368-12.[6] As such, Plaintiff presents no valid argument explaining his failure to exhaust administrative remedies.[7]

The resulting question, then, is what happens to Plaintiff's Section 378-2 claim. If the state exhaustion requirement is jurisdictional, then Plaintiff's claim must be dismissed. *See Ramirez-Castellanos v. Nugget Market, Inc.*, 2020 WL 2770060, at *4 (E.D. Cal. May 28, 2020). If, however, state exhaustion is "a

---

[6]In his opposition to the motion to dismiss, Plaintiff also appears to assert that he did all he could to exhaust his administrative remedies because the "filed EEOC form only queries whether a claim was previously filed with another Agency." Dkt. No. 25-1 at 10. That, however, is entirely inaccurate, given that Plaintiff did not use an EEOC form in making his Charge of Discrimination. Rather, he appears to have used a self-created form. *See* Dkt. No. 22-3.
[7]*See Jones v. Grinnell Corp.*, 235 F.3d 972, 975 (5th Cir. 2001) ("the EEOC's right to sue letter cannot substitute for a [state agency] right to sue letter."); *Whitmore v. O'Connor Mgmt., Inc.*, 156 F.3d 796, 800 (8th Cir. 1998) (a work-share agreement between the EEOC and Missouri does not obviate the need for a right-to-sue letter from the state agency); *Ramirez-Castellanos v. Nugget Market, Inc.*, 2020 WL 2770060, at *4 (E.D. Cal. May 28, 2020) (explaining that "although Plaintiffs' had their EEOC right-to-sue letter prior to commencing this suit, an EEOC notice does not satisfy the jurisdictional requirement of exhaustion of remedies as to [state law] claims.") (quotation omitted); *Meyer v. Iowa Mold Tooling Co., Inc.*, 2000 WL 34031796, at *4, 7-8 (N.D. Iowa Aug. 15, 2000) (finding the failure to obtain a right-to-sue letter from the state agency was "fatal" to the plaintiff's claim, even though the plaintiff had obtained such a letter for the same claim from the EEOC); *see also Ross*, 879 P.2d at 1043 (receipt of an HCRC notice of right to sue is a "precondition" to bringing a claim under Section 378-2); *Schefke,* 32 P.3d at 60 n.5; *cf. Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1105 (9th Cir. 2008) (presenting the converse, "a plaintiff may proceed absent such a letter [from the EEOC], provided that she has received a right-to-sue letter from the appropriate state agency.").

condition precedent, although not a jurisdictional prerequisite," it may be "possible to cure the defect by obtaining a right-to-sue letter after filing the case[.]" *Whitmore v. O'Connor Mgmt., Inc.*, 156 F.3d 796, 800 (8th Cir. 1998).  The Court is not aware of, and the parties do not address, any case from the Hawai'i courts deciding whether the need to administratively exhaust a claim under Section 378-2 is a jurisdictional prerequisite or a curable defect.  Nevertheless, the Court need not resolve that issue in this case because, under either scenario, Plaintiff's Section 378-2 claim is subject to dismissal.

Notably, even though Plaintiff was not in receipt of a notice of right to sue from the HCRC at the time of initiating this lawsuit and even though the instant motion to dismiss fully apprised Plaintiff of this deficiency, Plaintiff has taken no steps to cure it.  As mentioned above, this is something Plaintiff could have done simply by making a written request to the HCRC pursuant to Section 368-12.  Moreover, Plaintiff has not taken that (or any other) step, even though he has been represented by counsel since filing the Charge of Discrimination with the EEOC.  Therefore, Plaintiff's Section 378-2 claim must be dismissed.  *See Whitmore*, 156 F.3d at 800-801 (affirming the dismissal of state claims where the plaintiff made no attempt to obtain a right-to-sue letter); *see also Andrade v. Cty. of Haw.*, 451 P.3d 1, 14 (Haw. Ct. App. 2019) (affirming the dismissal of a claim under Section

11

378-2 where the plaintiff failed to initiate a proceeding before the HCRC and did not obtain a right-to-sue letter); *cf. Luceus v. Rhode Island*, 2016 WL 7971311, at *4 (D.R.I. Dec. 13, 2016) (finding that obtaining a state right-to-sue letter after commencing the lawsuit cured the lack of one prior to filing).

## CONCLUSION

For the reasons discussed herein, the motion to dismiss count one, Dkt. No. 22, is GRANTED.

IT IS SO ORDERED.

DATED: June 22, 2020 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

William J. Hozey v. Cellco Partnership; Civil No. 20-00021 DKW-RT;
**ORDER GRANTING MOTION FOR PARTIAL DISMISSAL**